UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERNEST SUNRHODES,

    Petitioner,                                        2:14-cv-01368-GMN-VCF

vs.

                                                      **ORDER**

ATTORNEY GENERAL, *et al.*,

    Respondents.

_____/

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Ernest Sunrhodes. Sunrhodes was convicted in 2009, in Nevada's Eighth Judicial District Court, of two counts of sexual assault on a minor under 14, and one count of lewdness with a child under 14. *See* Petition for Writ of Habeas Corpus (ECF No. 5), pp. 1-2. He is serving two sentences of 20 years to life in prison, and one sentence of 10 years to life in prison, the three sentences running concurrently. *See id*. at 2. The court received Sunrhodes' *pro se* federal habeas petition on August 21, 2014. The petition asserts five grounds for habeas corpus relief.

On November 14, 2014, the court screened Sunrhodes' habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* Order entered November 14, 2014 (ECF No. 4). The court dismissed Grounds 4 and 5, as those were claims of ineffective assistance of counsel in state habeas proceedings, and there is no federal constitutional right to effective assistance of counsel in such proceedings. *See id*. at 1-2.

On December 26, 2014, the respondents filed a motion to dismiss (ECF No. 7), arguing that Grounds 2 and 3 of Sunrhodes' habeas petition are unexhausted in state court. Motion to Dismiss (ECF No. 7), pp. 3-8.

Sunrhodes responded to the motion to dismiss on February 27, 2015, by filing a motion for leave to amend (ECF No. 13). In that motion, Sunrhodes concedes that some of the grounds for

1  relief in his petition are not fully exhausted, and he requests leave of court to amend his petition to
2  present only exhausted grounds for relief.  *See* Motion for Leave to Amend Habeas Petition
3  (ECF No. 13), pp. 1-2.  Respondents did not respond to Sunrhodes' motion for leave to amend.
4         A federal court may not grant habeas corpus relief on a claim not exhausted in state court.
5  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is
6  intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*
7  *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the
8  claim to the highest state court, and must give that court the opportunity to address and resolve it.
9  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,
10 10 (1992).  A claim is fairly presented to the state's highest court if, before that court, the petitioner
11 describes the operative facts and legal theory upon which the claim is based.  *See Anderson v.*
12 *Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d
13 859, 862 (9th Cir. 1982).
14        The exhibits filed by respondents with their motion to dismiss (ECF No. 8) reflect that
15 Sunrhodes has litigated two appeals before the Nevada Supreme Court:  his direct appeal, and an
16 appeal from the denial of a state-court habeas petition.  It appears, then, that the question of
17 Sunrhodes' exhaustion of claims in state court is controlled by the claims that he asserted on his
18 direct appeal (*see* Appellant's Opening Brief, Exhibit 14) and on the appeal in his state habeas action
19 (*see* Appellant's Opening Brief, Exhibit 27).
20        Ground 2 of Sunrhodes' habeas petition is a claim that the attorney who represented him at
21 his preliminary hearing was ineffective for failing to object to the justice court's order closing the
22 preliminary hearing to the public.  *See* Petition for Writ of Habeas Corpus, p. 5.  Sunrhodes did not
23 assert this claim before the Nevada Supreme Court on his direct appeal or on the appeal in his state
24 habeas action.  *See* Appellant's Opening Brief, Exhibit 14; Appellant's Opening Brief, Exhibit 27.
25 Ground 2 is unexhausted in state court.
26        Ground 3 of Sunrhodes' habeas petition is a claim that his trial counsel was ineffective for

failing to file a petition for writ of mandamus in the Nevada Supreme Court challenging the justice court's order closing the preliminary hearing to the public.  *See* Petition for Writ of Habeas Corpus, p. 7.  Sunrhodes did not assert this claim before the Nevada Supreme Court on his direct appeal or on the appeal in his state habeas action.  *See* Appellant's Opening Brief, Exhibit 14; Appellant's Opening Brief, Exhibit 27.  Ground 3 is unexhausted in state court.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases).  Sunrhodes' motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave."  The court "should freely give leave when justice so requires."  *See*, *e.g.*, *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir.1993) (denial of leave to amend reviewed "for abuse of discretion and in light of the strong public policy permitting amendment.").  Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).  Here, there is no indication of bad faith, undue delay, or prejudice to the opposing party.  Respondents have not responded to the motion for leave to amend.  There is no indication that the amendment would be futile, as Sunrhodes seeks to amend his petition to present only exhausted claims.  Under the circumstances, in this case, granting Sunrhodes leave to amend appears to be in the interest of justice.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 7) is **GRANTED IN PART AND DENIED IN PART**.  The court finds Grounds 2 and 3 of the habeas corpus petition (ECF No. 5) to be unexhausted in state court.  The court will grant petitioner an opportunity to amend his habeas corpus petition.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Amend Habeas Petition

(ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the date of entry of this order to file and serve a first amended petition for writ of habeas corpus.  The caption of the amended petition must include the case number for this action, and must indicate that it is a "first amended" petition.

**IT IS FURTHER ORDERED** that respondents shall, within 45 days afer petitioner files and serves his first amended petition, file and serve a response to the first amended petition.

**IT IS FURTHER ORDERED** that, if respondents file an answer, petitioner shall have 45 days from the date on which the answer is served to file and serve a reply.

**IT IS FURTHER ORDERED** that, if respondents file a motion to dismiss, petitioner shall have 45 days to respond to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of the motion.

**DATED** this 21st day of May, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge