**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERNEST SUNRHODES,

    Petitioner,                                        2:14-cv-01368-GMN-VCF

vs.

                                                                **ORDER**

ATTORNEY GENERAL, *et al.*,

    Respondents.

_____/

Introduction

       This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Ernest Sunrhodes, a Nevada prisoner. The respondents have filed a motion to dismiss. The court will grant respondents' motion to dismiss and dismiss this action, as the action is barred by the applicable statute of limitations.

Background

       Sunrhodes was convicted on June 18, 2009, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of two counts of sexual assault with a minor under the age of 14 and one count of lewdness with a child under the age of 14. *See* Judgment of Conviction, Exhibit 12. Sunrhodes was sentenced to the following prison terms, all to run concurrently:

| Count 1 | sexual assault with a minor under the age of 14 | life with the possibility of parole after 20 years |
| Count 2 | sexual assault with a minor under the age of 14 | life with the possibility of parole after 20 years |
| Count 3 | lewdness with a child under the age of 14 | life with the possibility of parole after 10 years |

*See id.*[1]

Sunrhodes' convictions resulted from his sexual assault of, and lewdness with, a girl under the age of 14, while in Las Vegas for a conference. *See* Order of Affirmance, Exhibit 29, p. 2.

The Nevada Supreme Court affirmed the judgment of conviction on September 9, 2010. *See* Order of Affirmance, Exhibit 16.

On October 4, 2011, Sunrhodes filed a post-conviction petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post Conviction), Exhibit 18; Supplemental Post-Conviction Petition for Writ of Habeas Corpus, Exhibit 22. The state district court held an evidentiary hearing (*see* Recorder's Transcript of Proceedings, April 5, 2013, Exhibit 24) then denied the petition in a written order filed on May 17, 2013. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 25. Sunrhodes appealed, and the Nevada Supreme Court affirmed the denial of Sunrhodes' state habeas petition on May 13, 2014. *See* Order of Affirmance, Exhibit 29. The Nevada Supreme Court's remittitur issued on June 9, 2014. Remittitur, Exhibit 30.

Sunrhodes mailed his federal habeas petition to this court, initiating this action *pro se*, on August 18, 2014. *See* Petition for Writ of Habeas Corpus (ECF No. 5), p. 1.

On November 14, 2014, the court screened Sunrhodes' original federal habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* Order entered November 14, 2014 (ECF No. 4). The court dismissed Grounds 4 and 5 of Sunrhodes' original petition, as those were claims of ineffective assistance of counsel in state habeas

---

[1] The exhibits referred to in this order were filed by respondents, and are located in the record at ECF No. 8.

proceedings, and there is no federal constitutional right to effective assistance of counsel in such proceedings. *See id*. at 1-2.

On December 26, 2014, the respondents filed a motion to dismiss Sunrhodes' original petition (ECF No. 7). Sunrhodes responded to that motion to dismiss on February 27, 2015, and moved for leave to amend his petition (ECF No. 13). On May 21, 2015, the court resolved that motion to dismiss, granting it in part and denying it in part, and finding Grounds 2 and 3 of Sunrhodes' original petition to be unexhausted in state court (ECF No. 16). The court granted Sunrhodes' motion for leave to amend his petition.

On June 4, 2015, Sunrhodes filed his first amended petition for writ of habeas corpus (ECF No. 18), which is now the operative petition in this case.

On July 17, 2015, respondents filed their current motion to dismiss (ECF No. 22), asserting that Sunrhodes' first amended petition is barred by the statute of limitations, and that Ground 3 of his first amended petition is unexhausted in state court. *See* Motion to Dismiss (ECF No. 22), pp. 4-8. Sunrhodes filed an opposition to the motion to dismiss on September 3, 2015 (ECF No. 27). Respondents filed a reply on September 14, 2015 (ECF No. 28).

On September 21, 2015, Sunrhodes filed a "Motion for Judicial Notice" (ECF No. 29), in which he sets forth further argument regarding his opposition to the motion to dismiss. The court will treat that filing as a motion for leave to supplement his opposition to the motion to dismiss, will grant the motion, and considers, with respect to the motion to dismiss, the arguments Sunrhodes makes in it.

Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Sunrhodes' direct appeal concluded on September 9, 2010, when the Nevada Supreme Court affirmed his judgment of conviction. *See* Order of Affirmance, Exhibit 16.  Adding the ninety days within which a petition for a writ of certiorari could have been filed (*see* Supreme Court Rule 13), the date on which Sunrhodes' conviction became final, for purposes of the AEDPA statute of limitations, was December 8, 2010.  The AEDPA limitations period began running on that date.

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2). Sunrhodes filed a state habeas action on October 4, 2011. *See* Petition for Writ of Habeas Corpus (Post Conviction), Exhibit 18.  That filing tolled the AEDPA limitations period.  However, before the statutory tolling began -- that is, between December 8, 2010, and October 4, 2011 -- 301 days of the one-year limitations period ran out.

The statutory tolling lasted until the state habeas action was completed.  The Nevada Supreme Court affirmed the denial of relief in Sunrhodes' state habeas action on May 13, 2014, and the remittitur issued on June 9, 2014.  *See* Order of Affirmance, Exhibit 29; Remittitur, Exhibit 30.

Counting from June 9, 2014, when the Nevada Supreme Court's remittitur issued, Sunrhodes mailed his federal habeas petition to this court for filing 71 days later, on August 18, 2014.  *See*

Petition for Writ of Habeas Corpus (ECF No. 5), p. 1 (Sunrhodes stated in the petition that he mailed it on August 18, 2014); *see also Id*. at 9 (Sunrhodes' signature on the petition is dated August 18, 2014).

Adding the untolled time between Sunrhodes' direct appeal and his state habeas action (301 days) and the untolled time between his state habeas action and his federal habeas action (71 days), a total of 372 days passed before this action was filed. This action was not filed within the applicable one-year AEDPA limitations period.[2] Therefore, none of the claims in Sunrhodes' first amended petition relate back to a timely-filed petition. *See* Fed. R. Civ. P. 15; *Mayle v. Felix*, 545 U.S. 644, 664 (2005).[3]

This action is barred by the statute of limitations. Therefore, respondents' motion to dismiss will be granted, and this action dismissed.[4]

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

---

[2] A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Sunrhodes points to no extraordinary circumstance that arguably prevented him from timely filing this action. There is no ground for equitable tolling.

[3] Moreover, even if Sunrhodes' original petition was timely filed -- and the court concludes that it was not -- Grounds 2 and 3 of Sunrhodes' first amended petition assert new claims, supported by facts differing in both time and type from those set forth in his original petition, and those claims, therefore, still would not relate back. *See Mayle*, 545 U.S. at 650; *see also* First Amended Petition for Writ of Habeas Corpus (ECF No. 18), pp. 5-9; Petition for Writ of Habeas Corpus (ECF No. 5), pp. 3-8D.

[4] As the court finds that this case was untimely filed, and subject to dismissal under the statute of limitations, the court declines to reach respondents' argument that Ground 3 of Sunrhodes' first amended habeas petition is unexhausted in state court.

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000).  Applying this standard, the court finds that a certificate of appealability is not warranted.

**IT IS THEREFORE ORDERED** that petitioner's "Motion for Judicial Notice" (ECF No. 29) is treated as a motion for leave to supplement his opposition to the motion to dismiss, and is **GRANTED**.  The court has considered, with respect to the motion to dismiss, the arguments made by Sunrhodes in his "Motion for Judicial Notice."

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (ECF No. 22) is **GRANTED**.  This action is dismissed.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this   18   day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE